UNITED STATES of America

v.

George JONES, Appellant.

No. 91–1012.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 15, 1991.

Decided July 18, 1991.

Peter Goldberger, Philadelphia, Pa., for appellant.

Michael M. Baylson, Walter S. Batty, Jr., Ewald Zittlau, Office of U.S. Atty., Philadelphia, Pa., for appellee.

Before SLOVITER, Chief Judge, and GREENBERG and SEITZ, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Chief Judge.

George Jones appeals the district court's order denying Jones's motion under 28 U.S.C. § 2255 to vacate his judgment of sentence based on a violation of Article V(d) of the Interstate Agreement on Detainers (IAD).

## I.

### Procedural and Factual History

In 1976, Jones was sentenced to serve fifteen years following conviction of federal bank robbery; four years later he was released on parole. This did not stem Jones's criminal activities. Pennsylvania authorities arrested him twice in August, 1985 and a third time in January, 1986—all for drug offenses. After he was convicted for one of the state's drug charges, the U.S. Parole Commission issued a parole revocation warrant. Shortly thereafter, Jones was convicted by Pennsylvania of the second drug charge. Jones was delivered on May 8, 1986 to Lewisburg Federal Penitentiary to complete service of his initial bank robbery sentence.

While serving the remainder of this federal sentence, Pennsylvania authorities sought temporary custody of Jones under Article IV of the IAD to prosecute him on the last of the drug offenses and to sentence him for the other two. Consequently, on August 28, 1986, federal authorities delivered Jones to the Delaware County Prison.

On October 16, 1986, Jones was sentenced on the first of the state drug charges to two and one half to five years imprisonment, to run consecutive to the federal sentence. He remained in the same custodial status and was sentenced on another state conviction on November 30, 1987 to serve twenty-seven to sixty-six months, to run concurrently with the other state sentence.

On September 25, 1986, while Jones was in the Delaware County Prison waiting to be tried on the third state charge, a federal grand jury returned a four-count indictment charging him and a co-defendant with heroin distribution and conspiracy. The district court issued an order in the nature of a writ of habeas corpus *ad prosequendum* for Jones's arraignment. He was tried and convicted by a jury on one count of distribution in violation of 21 U.S.C. § 841(a)(1) and one of conspiracy in violation of 21 U.S.C. § 846. On March 19, 1987, the district court imposed a two-year sentence on each count, running concur-

rently with each other, but consecutively to the bank robbery sentence he was then serving, to be followed by ten years special parole. Jones was returned to Lewisburg on December 12, 1987, completed all his federal prison terms, and was transferred to the state for service of the state sentences.

Following his unsuccessful appeal of his conviction, Jones filed this postconviction motion. Jones claims that Article V(d) of the IAD, 18 U.S.C.App. III § 2, was violated when the federal authorities prosecuted him for the heroin offenses while he was in temporary state custody on unrelated charges. Because Jones has served his federal prison time, the relief he seeks is limited to striking his ten year special parole term.

## II.

### Discussion

▓ IAD Article V(d) limits the prosecution of prisoners to the charges in the detainer that formed the basis for the prisoner's temporary custody in the receiving jurisdiction. That provision states, *inter alia,*

> The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction.

18 U.S.C.App. III, § 2.

Enacted in 1970, IAD's purpose is to prevent competing jurisdictions from transferring prisoners back and forth, because such transfers can undermine the prisoner's right to a speedy trial and the rehabilitative process of the system in which the prisoner is currently serving a sentence. *United States v. Williams,* 615 F.2d 585, 588 (3d Cir.1980).

All parties agree that when the federal authorities delivered Jones to the Delaware County Prison in response to a detainer

submitted by the state of Pennsylvania, Article V(d) signifies that Pennsylvania could only have prosecuted Jones on the drug charges listed in the detainer. Jones contends that the same statutory language signifies that the federal authorities also could not legally prosecute him while he was in the Delaware County Prison on federal drug charges because those charges were not the basis of the detainer that brought him to Delaware County. The legal issue presented is whether Article V(d) places limitations only on the use of temporary custody by the receiving state, or whether it also places limitations on the sending jurisdiction. Surprisingly, the parties have cited no case on the issue, nor have we found one.

The district court construed Article V(d) of the IAD as placing no limitations on the federal government's power to prosecute one of its own prisoners. Moreover, the court, relying on Article V(g) of the IAD,[1] concluded that the sending state retains control over its own prisoners. The court also relied on the fact that Jones received credit against his federal sentence while in the county prison as evidence that he remained in federal custody. Lastly, the court read *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), as subjecting the United States to the IAD only if it obtains custody of a prisoner by lodging a detainer against him.

We agree with the reasoning of the district court. The language of the statute suggests that no bar exists against the sending state prosecuting its prisoner while he or she is in another state's temporary custody. Article V(g) states clearly that the prisoner is deemed to be "in the custody and subject to the jurisdiction of the sending state" except as to the charges for which the temporary custody is granted. Thus, once the federal authorities granted custody to Pennsylvania, they could not interfere with the state's charges against

Jones. With that exception, the federal government was as free to proceed against Jones as it was against any other federal prisoner.

Moreover, as the district court recognized as an alternate basis for its conclusion, the provisions of the IAD were never even triggered. The Supreme Court in *Mauro* distinguished between a detainer and a writ of habeas corpus *ad prosequendum*. 436 U.S. at 358, 98 S.Ct. at 1846. A detainer, issued by a prosecutor or law official, is notification to prison officials that a prisoner is wanted in another jurisdiction. A writ of habeas corpus *ad prosequendum*, by contrast, is issued by a court and secures the presence of the prisoner for trial purposes. *Id.* Because Jones was a federal prisoner, remaining in federal custody for all purposes except for the state's charges, the federal authorities did not need to, and in fact did not, file a detainer. Instead they used the only process necessary, a writ of habeas corpus *ad prosequendum*, to secure Jones' presence. Because there was no detainer, the IAD was not triggered and could not have been violated.

Jones's argument rests solely on the fact that the U.S. Attorney's office tried, convicted and sentenced Jones on unrelated federal charges while he was in the state's temporary custody. The federal prosecution did not violate the intent of the IAD, was not inconsistent with the Act's language, and did not even trigger it.[2]

### III.

### *Conclusion*

For the foregoing reasons, we will affirm the district court's order denying Jones's motion under 28 U.S.C. § 2255.

---

1. This provides:
   For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending State....

18 U.S.C.App. III § 2.

2. Because of our holding, we need not reach Jones's argument that the district court erred in finding that even if the government had violated Article V(d), the defendant could not obtain the relief requested.